DOBSON MEDICAL GROUP, INC., an Arizona corporation; Midtown Medical Group, Inc., an Arizona corporation; Leon S. Gelfand, aka L.S. Gelfand; Maka Gelfand, aka M. Gelfand; Jacob A. Kost, aka J.A. Kost; Alona Kost, aka A. Kost, Plaintiffs–Appellants,

v.

MIDLAND RISK INSURANCE COMPANY; Safeway Insurance Company; Atlanta Casualty Co.; State Farm Mutual Automobile Insurance Company; Allstate Insurance Company; National Insurance Crime Bureau, Inc.; City of Phoenix, a public entity; John Guzman; John Vasquez; Black and White Corporation, Defendants–Appellees,

and

John Does, Defendants.

No. 00–16715.

D.C. No. CV–97–00799–HRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2001.

Decided Aug. 31, 2001.

Before NOONAN, SILVERMAN, and PAEZ, Circuit Judges.

MEMORANDUM *

Appellants challenge the district court's order dismissing their federal civil rights and state tort claims [1] against several insurance companies (Insurance Appellees) and the City of Phoenix, officer John Guzman, and officer John Vasquez (City Appellees). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's order dismissing Appellants' claims, *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Appellants do not appeal the dismissal of the abuse of process, false arrest and imprisonment, and malicious prosecution claims.

**580**

Cir.1997), and may affirm "on any ground finding support in the record, even if the district court relied on wrong grounds or wrong reasoning." *Marino v. Vasquez,* 812 F.2d 499, 508 (9th Cir.1987).

 Because Appellants' civil rights claims necessarily challenge the validity of Gelfand's conviction, Appellants must prove the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey,* 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Appellants contend the state court order restoring Gelfand's civil rights, pursuant to A.R.S. § 13–907, invalidated his conviction. We disagree. Under Arizona law, "[t]he fact that the conviction was vacated pursuant to A.R.S. § 13–907 does not affect the conclusiveness of guilt," *In Re Rivkind,* 164 Ariz. 154, 791 P.2d 1037, 1040 (Ariz.1990), and therefore "does not expunge or remove the fact of conviction in Arizona." *Russell v. Royal Maccabees Life Ins. Co.,* 193 Ariz. 464, 974 P.2d 443, 448 (Ariz.Ct.App.1998); *but cf.* A.R.S. § 13–4051 (providing expungement procedure for persons "wrongfully arrested, indicted, or charged for any crime"). Appellants' civil rights claims are barred by *Heck.*

 Appellants' state claims are also untenable. By failing to file a Notice of Claim as required by A.R.S. § 12–821.01, Appellants are precluded from pursuing their state claims against the City Appellees. With respect to the conspiracy and emotional distress claims against the Insurance Appellees, Appellants are collaterally estopped from proving the facts necessary to prevail. The linchpin of these claims is Appellants' allegation that the Insurance and City Appellees conspired to indict, arrest, and prosecute Gelfand without probable cause. Because Gelfand litigated and lost this issue in his motion to quash his indictment, Appellants are estopped from raising it here. *See Chaney Bldg. Co. v. Tucson,* 148 Ariz. 571, 716 P.2d 28, 30 (Ariz.1986). Furthermore, the judgment of conviction arising from Gelfand's no contest plea definitively establishes his guilt, superseding the question of mere probable cause to indict, arrest, and prosecute. To the extent Appellants' false light claim does not implicate the probable cause issue, it was properly dismissed for failing to include "a direct allegation of actual publication (e.g. via newspaper, public announcement, etc.)." *Hart v. Seven Resorts Inc.,* 190 Ariz. 272, 947 P.2d 846, 854 (Ariz.Ct.App.1997).

AFFIRMED.